UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PITTSFIELD TSHP GIFTS, LLC,

        Plaintiff,                                      CASE NO: 14-14276

V.                                                    HONORABLE VICTORIA A. ROBERTS

PITTSFIELD CHARTER TOWNSHIP;
PITTSFIELD BOARD OF ZONING APPEALS;
and CANDICE BRIERE,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

**I.    Introduction**

On September 25, 2015, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss and/or for Judgment on the Pleadings ("Defendants' Motion").  The Order dismissed Count 11, the State Zoning Law Appeal ("Count 11"), among others.   Plaintiff Pittsfield TSHP Gifts, LLC ("Pittsfield") filed a Motion for Reconsideration asking that Count 11 be reinstated.

Pittsfield's Motion for Reconsideration is **GRANTED**.  However, Pittsfield is **ORDERED** to amend Count 11 to state specific laws that it believes were violated by the ZBA.

**II.    Discussion**

Pittsfield says the Court has jurisdiction over Count 11 under 28 U.S.C. §1367. *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156 (1997); *Hucal Advertising, LLC*

1

*v. Charter Tp. Of Gaines*, 748 F.3d 273 (6th Cir. 2014). The Court dismissed Count 11 for failing to allege a legal theory.

In its Motion for Reconsideration, Pittsfield represents that it intentionally left Count 11 broad - the complaint alleged the ZBA decision is "contrary to the constitution and laws of the state" and by this Pittsfield says it intended to incorporate all of its federal constitutional claims under the State Law Zoning Appeal cause of action. Pittsfield says after the federal claims are resolved, the only claim that could remain is that the ZBA decision is not based on competent, material, and substantive evidence.

Pittsfield directs the Court to a stipulation filed by the parties on February 23, 2015 (Dkt. #24). The parties there agreed that the Court has jurisdiction over Count 11. Plaintiff also points out that dismissal of Count 11 was not based on an issue raised in the Motion to Dismiss.

The Court agrees that Pittsfield's state law zoning claim is sufficiently related to its federal claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Supplemental jurisdiction extends to review of state law claims of local administrative action. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). However, district courts may decline to exercise supplemental jurisdiction "for a number of valid reasons" including those listed under 28 U.S.C. §1367(c). *Id.*

None of the reasons listed in 1367(c) is present here.

### III.   Conclusion

Pittsfield's Motion for Reconsideration (Dkt. #39) is **GRANTED**. Count 11 of the

First Amended Complaint is **REINSTATED**.  Pittsfield is **ORDERED** to amend Count 11 to state specific laws that it believes were violated by the ZBA.

    **IT IS ORDERED**.

                                          /s/ Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated:  October 20, 2015

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 20, 2015.
>
> s/Linda Vertriest
> Deputy Clerk