UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PITTSFIELD TSHP GIFTS, LLC,

        Plaintiff,                            CASE NO: 14-14276

V.                                                HON. VICTORIA A. ROBERTS

CHARTER TOWNSHIP OF PITTSFIELD;
PITTSFIELD BOARD OF ZONING APPEALS;
and CANDICE BRIERE,

        Defendants.

_____

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND/OR FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(b)(6) AND 12(c)**

**I.    Introduction**

Charter Township of Pittsfield and Pittsfield Board of Zoning Appeals ("Defendants") move to dismiss Counts 8 and 9 of the Second Amended Complaint. The Motion is fully briefed and the Court dispenses with oral argument. Because Plaintiff Pittsfield TSHP Gifts, LLC ("Pittsfield") sufficiently states plausible claims for relief, the Motion is **DENIED**.

**II.    Background**

On September 25, 2015, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss and/or for Judgment on the Pleadings. The Court previously dismissed individual defendant Candice Briere, as well as Plaintiff's due process and substantive due process claims. Count 11 (State Zoning Law) was initially dismissed but reinstated on reconsideration.

1

The Court granted Pittsfield's request to amend its complaint by adding Ordinance 316 in Count 8.  The Court instructed Pittsfield to remove statements of law from the complaint.  Pittsfield then filed a Second Amended Complaint incorporating these changes.

Defendants filed the Motion now before the Court.  They say the Second Amended Complaint fails as a matter of law for the reasons previously briefed in its Motion to Dismiss the First Amended Complaint. In a conference call on December 14, 2015, the Court instructed Defendants to only address new issues raised by the Second Amended Complaint.  Accordingly, Defendants' Motion focuses only on amended Counts 8 and 9.

## III.   Legal Standard

Defendants' motion is for judgment on the pleadings or to dismiss.  Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c). In general, a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008).

The standards differ, however, in one key respect: a motion for judgment on the pleadings may not be made until after the pleadings (complaint, answer, and reply if ordered) are closed, while a motion to dismiss under Rule 12(b)(6) must be made before the answer is filed.  No reply was filed and the Court did not order one, so the pleadings were "closed" when Defendants filed their Answer to the Second Amended Complaint on December 17, 2015. Defendants filed this Motion on the same day.  Since

the Motion was filed after the Answer, the Court evaluates it under Rule 12(c) only and not Rule 12(b)(6). *See, e.g.*, *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as it was filed after Defendants' Answer. The district court, using its discretion to address substance over form, treated Defendants' motion to dismiss as a 12(c) motion for judgment on the pleadings.")

Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law. *Beal v. Missouri Pacific R.R.*, 312 U.S. 45, 61 S. Ct. 418, 85 L. Ed. 577 (1941); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 892 (E.D. Mich. 2011); 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368, p. 518. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011) (citation omitted).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545,

548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8.  The function of the Court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Rather, the Court simply determines "whether a complaint states a plausible claim for relief."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

**IV.   Discussion**

Pittsfield Charter Township has two ordinances which address adult use businesses: Zoning Ordinance §11.23 and Ordinance No. 316.

In Count 8 of the First Amended Complaint, Pittsfield alleged Zoning Ordinance §11.23 is overbroad and vague.  Count 8 did not reference Ordinance No. 316.  The Court granted Pittsfield's earlier request to amend and to include Ordinance No. 316.

Preliminarily, Defendants say Count 8 still only pertains to Zoning Ordinance §11.23, and that Pittsfield added Count 9 for its allegations concerning Ordinance No. 316.

Pittsfield says it added a count only because of laws and regulations at issue.

The Court agrees Pittsfield substantively complied with the Court's Order.  The addition of Count 9 as a separate cause of action makes organizational sense and is not grounds for dismissal.

4

### A.     Count 8: Zoning Ordinance §11.23

Defendants' renewed argument is that Zoning Ordinance §11.23 is not overbroad or vague. The Court already addressed this issue, *(Order Grant Part Den Part 26 Motion*, Sept. 25, 2015, ECF No. 35), holding the First Amended Complaint sufficiently alleges Ordinance §11.23 is overbroad and vague. The Second Amended Complaint provides sufficient factual allegations to support this.

Defendants' Motion to Dismiss Count 8 is **DENIED**.

### B.     Count 9: Ordinance No. 316

Defendants also say Count 9 should be dismissed because Ordinance No. 316 is not overbroad or vague.

Ordinance No. 316 contains these definitions:

> "*Sexual Device*" means any three (3) dimensional object designed for stimulation of the male or female genitals, anus, buttocks, female breast, or for sadomasochistic use or abuse of oneself or others and shall include the devices commonly known as dildos, vibrators, penis pumps, cock rings, anal beads, butt plugs, nipple clamps, and physical representations of the human genital organs. Nothing in this definition shall be construed to include devices primarily intended for protection against sexually transmitted diseases or for preventing pregnancy.
>
> "*Sex Paraphernalia Store*" means a commercial establishment that regularly features sexual devices. This definition shall not be construed to include any:
>
> (a) pharmacy, drug store, medical clinic, or any establishment or entity primarily dedicated to providing medical or healthcare products or services; or
>
> (b) any establishment located within an enclosed regional shopping mall.

*Mot. to Dismiss*, Dec. 17, 2015, ECF No. 45, Exhibit 2, pp. 12-13.

**1.    Overbroad**

Under the First Amendment overbreadth doctrine, a statute is overbroad and facially invalid if it prohibits a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 292 (2008); *Richland Bookmart, Inc. v. Knox Cnty., Tenn.*, 555 F.3d 512, 532 (6th Cir. 2009).

> The doctrine seeks to strike a balance between competing social costs. (Citation omitted). On the one hand, the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas. On the other hand, invalidating a law that in some of its applications is perfectly constitutional - particularly a law directed at conduct so antisocial that it has been made criminal - has obvious harmful effects. In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep.

*United States v. Williams*, 553 U.S. at 292.

The requirement that a statute's overbreadth be substantial (before it is deemed unconstitutional) has been vigorously enforced. *Entm't Prods., Inc. v. Shelby Cnty., Tenn.*, 588 F.3d 372, 379 (6th Cir. 2009). Invalidation is deployed sparingly and only as a last resort if the plaintiff demonstrates - from the statute's text and from actual fact - that a substantial number of instances exist in which the law cannot be applied constitutionally. *Id.* (Citations omitted).

Pittsfield contends several provisions of Ordinance No. 316 are overbroad: (1) the definition of "sexual device" does not distinguish between products designed for sadomasochistic use and products designed for personal pleasure; (2) the pharmacy exception; and (3) the term "Sex Paraphernalia Store" because it applies to a store carrying a single sexual device; and (4) the ordinance prohibits retailers from communicating about the "Bondage and Discipline, Sadism and Masochism movement"

6

("BDSM") and may have a chilling effect on speech concerning this movement.

The Court finds that Pittsfield has sufficiently pled a constitutional claim. Defendants' Motion to Dismiss Count 9 under the doctrine of overbreadth is **DENIED**.

### 2.  Vagueness

Defendants say Ordinance No. 316 is not vague because it is clear what the ordinance prohibits as a whole and there is no question the ordinance should apply to Pittsfield.

"[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees,* 411 F.3d 777, 798 (6th Cir. 2005), quoting, *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  A law must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."  *Id.* quoting, *Grayned* at 108.  While "mathematical certainty" cannot be expected, and specific terms may not be defined with "meticulous specificity" it should be clear what the ordinance as a whole prohibits. *Id.* (citation omitted).

Pittsfield says a reasonable person of average intelligence would not interpret the term "regularly features sexual devices" to include a business such as Pittsfield which contains a minimal amount of adult material.  Pittsfield also says a reasonable person would not consider convenience stores, gas stations, and big box stores that fall outside of the pharmacy exception, to be subject to regulation as a Sex Paraphernalia Store under the ordinance if it only carried one item of bondage material or one sexual device.

Defendants also say Pittsfield cannot bring a vagueness challenge where the challenged language applies to it. In support, Defendants rely on *Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 58-62 (1976).

In *Young*, the operators of two adult movie theaters argued that they could not determine how much sexual activity is permissible before the content may be described as "characterized by an emphasis" of it. *Id.* at 58. The Supreme Court of the United States declined to consider the validity of this argument because even if there was some doubt as to whether the ordinance applied to other litigants, the adult movie theaters clearly offered "adult fare" on a regular basis and any element of vagueness does not affect these operators. *Id.* at 59.

The parties dispute whether Ordinance No. 316 applies to Pittsfield. Additionally, *Young* was decided after discovery on a motion for summary judgment. The Second Amended Complaint states a claim and dismissal on the merits is premature.

Defendants' Motion to Dismiss Count 9 is **DENIED.**

## V. Conclusion

Defendants' Motion to Dismiss and/or for Judgment on the Pleadings under Fed. R. Civ. P. 12(b)(6) and 12(c) is **DENIED**.

The hearing set on March 10, 2016 at 10:00 am is cancelled.

**IT IS ORDERED**.

                                         S/Victoria A. Roberts
                                         Victoria A. Roberts
                                         United States District Judge

Dated: February 25, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 25, 2016.

s/Linda Vertriest
Deputy Clerk